**166 So. 674**

**DAVIS v. JOHNSON.**

**No. 33817.**

March 2, 1936.

M. T. Hewes, of New Roads, for relator.

J. Thomas Jewell, of New Roads, for respondent.

ODOM, Justice.

Alleging that she leased to Robert Johnson certain lands for the year 1935 for a cash rental of $80, and that he had moved

his property off the place without paying the rent, and that she had a lessor's lien and privilege on all the property of the defendant which had been on the leased property, Mrs. W. A. Davis brought suit against Johnson for the amount alleged to be due and prayed that his property be provisionally seized.

The suit was filed on January 9, 1936, and on the same day the writ of provisional seizure was issued. The sheriff, according to his returns, seized two mares belonging to defendant.

Two days later the defendant, through his attorney, filed answer denying that he was indebted to plaintiff in any sum, his defense being that whereas he had cultivated a portion of plaintiff's land in 1935, he was a share cropper and not a "cash tenant." He alleged in his answer that "he entered into a verbal agreement with the said Mrs. Davis to cultivate a crop of cotton upon the said plantation, one fourth of crop to be the property of Mrs. Davis and three fourths of crop to be the property of respondent."

On January 16, five days later, defendant, alleging that the writ of provisional seizure "was wrongfully obtained and illegally issued" on the ground that "respondent was a share cropper and not a cash tenant, that he does not owe the said Mrs. W. A. Davis a penny, that she has no lessor's lien and privilege upon his property, the two mares herein provisionally seized, and which are a portion of his homestead and as such are exempt for seizure," ruled the plaintiff to show cause

why the seizure should not be dissolved. The rule was made returnable on January 27.

On January 25, two days before the rule was made returnable, the defendant, through his counsel, applied and obtained a writ of subpœna duces tecum addressed to A. B. Curet, county agent of the United States government, ordering him to produce a certain application and contract entered into by Mrs. W. A. Davis with the United States government under the Agricultural Adjustment Administration for the year 1935, in which application and contract it was alleged Mrs. Davis had set out that defendant was a share cropper on her place for that year.

The purpose of obtaining this document was to show that Mrs. Davis, the landowner and plaintiff in suit, had admitted therein that defendant was a share cropper and not a cash tenant, as she had alleged in her suit.

Mr. Curet, the county agent, appeared on the date set for trial of the motion to dismiss and admitted that he had possession of the document, but asked that he be relieved from producing it on the ground that it was the property of the United States government and that under "General Office Order No. 52" such documents are not open to public inspection.

The trial judge recalled his order commanding the county agent to produce the document on the ground that he had no authority to compel the county agent to violate the rules of the government. Counsel for defendant excepted to the ruling of the court and gave notice that he would apply to this court for writs of certiorari, mandamus, and prohibition.

In his application to this court for writs, which were granted, counsel for Johnson, defendant in suit and plaintiff in rule to dismiss, set out the above facts relating to his application to have the county agent produce the contract between Mrs. Davis and the government and the ruling of the court, and in paragraph 11 of his application stated:

"Relator avers that the failure of the court to require the production of the described documents and the refusal of the court to grant a continuance of the rule nisi" (rule to dismiss the order for a provisional seizure) "were a denial of justice, that relator has exhausted all available remedies and has found no relief, he has been wronged, injured and damaged without due process of law and his constitutional rights of homestead have been ignored."

The fourteenth paragraph of relator's application reads as follows:

"Relator avers that a writ of prohibition should issue directed to Honorable William C. Carruth, Judge, etc., forbidding him from further proceeding herein and forbidding him from trying or attempting to try the rule nisi or the trial on the merits of said cause until the documents described in said motion for a subpoena duces tecum shall have been produced."

Relator prayed that an alternative writ of prohibition issue directed to the said judge prohibiting and restraining him from

proceeding further with the trial of the rule nisi or with the trial of the case on its merits until the documents described in the motion for subpœna duces tecum are produced and tendered as evidence in the suit, and further that an alternative writ of mandamus issue directing the said judge to require A. B. Curet, the county agent, to produce in open court the said document.

We issued the writs with stay order. The judge has sent up the record, which is now before us.

The question whether the trial judge ruled correctly in refusing to order the county agent to produce the application and contract which Mrs. Davis had with the United States government has passed out of the case for the reason that the record shows that Mrs. Davis and her attorneys admitted in open court that in the application and contract which she had with the government she had given the defendant, Robert Johnson, the status of a share tenant.

The purpose of obtaining the document was to show that Mrs. Davis, the landowner and plaintiff, had admitted in writing that defendant was a share cropper, and to contradict the allegation of her petition that he was a cash tenant.

We find in the record sent up by the judge a note of evidence from which we quote the following:

"It is admitted by counsel for plaintiff, Mrs. W. A. Davis, that in the contract executed by Mrs. W. A. Davis with the A. A. A., Robert Johnson is shown thereon as having the status of a share cropper."

And further in said note of evidence it is recited that the trial judge ruled that the county agent, Mr. Curet, could not be forced to violate the instructions given him in said General Office Order No. 52, and that:

"Thereupon, the defendant in rule, Mrs. W. A. Davis, stated that she admits that plaintiff in rule, Robert Johnson, is shown in said application sought to be introduced in evidence as having the status of a share cropper but said she was fully prepared to explain why Robert Johnson's status was so shown instead of being shown thereon as a cash tenant, which in fact is his true status."

The plaintiff's admission in open court that in the document sought to be produced she had given the defendant, Johnson, the status of a share cropper, subserves the very purpose which defendant had in asking that the document be produced. Mrs. Davis having made this admission, the defendant, Johnson, had no further interest in the production of the document. As we have already stated, the defendant's avowed purpose in having the document produced was to contradict plaintiff's allegation that defendant was a cash tenant instead of a share cropper. The production of the document will show no more than Mrs. Davis has admitted.

This application for writs does not involve the question whether the writ of provisional seizure was erroneously granted or whether the property seized under the writ was exempt from seizure under the homestead laws of the state. It involves only the question whether the judge ruled cor-

rectly in refusing to order the county agent to produce the documents sought by the defendant. Mrs. Davis, the plaintiff, having admitted all that the defendant proposed to prove by the documents, the ruling of the judge was correct.

For the reasons assigned the writs heretofore issued are recalled, and defendant's application is dismissed.